# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 4, 2021

* * * * * * * * * * * * *
MATTHEW GARTNER,             *
*as personal representative of the estate of*   *
ANTHONY J. GARTNER,       *            UNPUBLISHED
                               *
           Petitioner,          *            No. 17-1561V
                               *
v.                                 *            Special Master Gowen
                               *
SECRETARY OF HEALTH      *            Stipulation; Influenza (Flu);
AND HUMAN SERVICES,       *            Anaphylaxis; Death.
                               *
           Respondent.        *
* * * * * * * * * * * * *

*Theodore G. Pashos*, Pashos Law, LLC, St. Charles, MO, for petitioner.
*Zoe Wade*, United States Department of Justice, Washington, D.C., for respondent.

## DECISION ON STIPULATION[1]

       On October 19, 2017, Matthew Gartner ("petitioner") as personal representative of the Estate of Anthony J. Gartner Jr. ("decedent") filed a petition for compensation in the National Vaccine Injury Compensation Program.[2]  Petition (ECF No. 1); *see also* Amended Petition filed January 19, 2021 (ECF No. 64).  The petition seeks compensation for injuries allegedly related to the decedent's receipt on October 22, 2015, of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table").

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.**  The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of  privacy."  Vaccine Rule 18(b).  An objecting party must provide the Court with a proposed redacted version of the opinion.  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

The petition alleges that the decedent developed anaphylaxis following the administration of the flu vaccine, within the Table time period, and that his death on October 23, 2015, was a result of his alleged injury.

On May 4, 2021, respondent filed a stipulation which provides that a decision should be entered awarding compensation to petitioner on behalf of the decedent's estate. Stipulation (ECF No. 69). Respondent denies that the flu vaccine caused the decedent's alleged anaphylaxis, any other injury, or his death, and further denies that the decedent sustained a Table injury. *Id.* at ¶ 6.

Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of the stipulation, which is attached hereto as Appendix A. *Id.* at ¶ 7.

**The stipulation awards a lump sum of $50,000.00 in the form of a check payable to petitioner, as legal representative of the Estate of Anthony J. Gartner, Jr.** This lump sum represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I adopt the stipulation as the decision of the Court and hereby award compensation in the amount and on the terms set forth therein. Accordingly, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

2

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

MATTHEW GARTNER,
*as personal representative of the estate of*
ANTHONY J. GARTNER JR.,

              Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

              Respondent.

No. 17-1561V       ECF

Special Master Gowen

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Matthew Gartner, as personal representative of the Estate of Anthony J. Gartner Jr. ("decedent" or Mr. Gartner), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to the decedent's receipt of the influenza vaccine ("vaccine"), which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. On October 22, 2015, Mr. Gartner received the vaccine.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Mr. Gartner developed anaphylaxis following the administration of the vaccine, within the Table time period, and that his death on October 23, 2015 was a result of his alleged injury.

1

5.   Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of decedent's alleged injuries and death.

6.   Respondent denies that the vaccine caused the decedent's alleged anaphylaxis, any other injury, or his death, and further denies that the decedent sustained a Table injury.

7.   Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.   As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $50,000.00, in the form of a check payable to petitioner, as legal representative of the Estate of Anthony J. Gartner, Jr.   This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.   As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. Section 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.   Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11.   Petitioner represents that he presently is, or within 90 days of the date of

2

judgment will become, duly authorized to serve as the legal representative of Anthony J. Gartner Jr.'s estate under the laws of the State of Missouri. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as legal representative of Mr. Gartner's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the estate of Anthony J. Gartner, Jr. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of Anthony J. Gartner, Jr. upon submission of written documentation of such appointment to the Secretary.

12. In return for the payments described in paragraphs 8 and 9, petitioner, individually and in his capacity as the personal representative of the Estate of Anthony J. Gartner, Jr., on his own behalf, and on behalf of the Estate and the decedent's heirs, executors, administrators, successors, or assigns, does forever irrevocably and unconditionally release, acquit, and discharge the United States and the Secretary of Health and Human Services from any and all actions, causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the U.S. Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of the decedent resulting from, or alleged to have resulted from, the influenza vaccine administered on October 22, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about October 19, 2017, in the United States Court of Federal Claims as petition No.

3

17-1561.

13.    If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14.    This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, *as amended*, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the items of compensation sought is not grounds to modify or revise this agreement.

15.    This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the decedent's death, or any other injury, was caused by his influenza vaccination.

16.    All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of the Estate of Anthony J. Gartner, Jr.

**END OF STIPULATION**

4

Respectfully submitted,

PETITIONER:

_MATTHEW GARTNER_

**ATTORNEY OF RECORD FOR**
**PETITIONER:**

THEODORE G. PASHOS
PASHOS LAW, PLLC
814 First Capitol Drive
St. Charles, MO 63301
Tel: (636) ~~949-9300~~
757-5220

**AUTHORIZED REPRESENTATIVE**
**OF THE SECRETARY OF HEALTH**
**AND HUMAN SERVICES:**

CAPT Dale Mishler, DHSc, for
TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs (DICP)
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**AUTHORIZED REPRESENTATIVE**
**OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR**
**RESPONDENT:**

Zoë R Wade
by Heather L Pearlman
ZOË R. WADE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4118
Email: zoe.wade@usdoj.gov

Dated: 05/04/2021

5